UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD TERRELL,   CASE NO.:

    Plaintiff,

v.

COX CORPORATE SERVICES, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RICHARD TERRELL ("Mr. Terrell" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from COX CORPORATE SERVICES, INC. ("COX" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## JURISDICTION

1. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

## PARTIES

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Escambia County, Florida.

3. Plaintiff worked for Defendant in Escambia County, Florida, and therefore the proper venue for this case is the Pensacola Division of the Northern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a chronic serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to his seeking to exercise his rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7. Plaintiff worked for Defendant as a Fleet Services Coordinator in its Pensacola, Florida, location from June 12, 2018, until his unlawful and retaliatory termination on September 24, 2019.

8. During his time with COX, Plaintiff suffered from a chronic serious health condition, diverticulitis.

9. Mr. Terrell's chronic serious health condition occasionally required him to make more frequent bathroom visits than usual, but never prevented Mr. Terrell from keeping COX's Pensacola, Florida, location from performing as well as, or better than COX's other locations in the Southeastern United States and Arizona.

10. Defendant interfered with Mr. Terrell's right to unpaid leave pursuant to the FMLA by harassing him about his chronic serious health condition, surveilling him surreptitiously, and pinning a handwritten note on the bathroom door reading "R.T.'s 2nd Office" in order to mock, ridicule, and harass him for suffering a chronic serious health condition.

11. In the summer of 2019, Mr. Terrell requested, and was approved for, a period of continuous unpaid leave pursuant to the FMLA in order to address his chronic serious health condition via surgery on his colon, and recuperation therefrom.

12. On September 20, 2019, very shortly after Mr. Terrell returned to work at COX from his FMLA leave, COX retaliated against Mr. Terrell by placing him in a so-called "performance improvement plan" because he had utilized FMLA leave to address his chronic serious health condition.

13. Mere days later, on September 24, 2019, COX retaliated against Mr. Terrell further by terminating his employment outright, without valid cause, reason, or explanation.

14. Defendant's adverse employment action was taken in retaliation for Mr. Terrell notifying COX of his chronic serious health condition, and in retaliation for Mr. Terrell requiring unpaid leave pursuant to the FMLA in order to treat and address same.

15. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

16. Any reason provided by Defendant for its actions is pretext.

17. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

18. As a result of this illegal conduct, Plaintiff has suffered damages.

19. Defendant did not have a good faith basis for its actions.

20. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA**

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20, above.

22. At all times relevant hereto, Plaintiff was protected by the FMLA.

23. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

24. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise his right to utilize FMLA leave for which he was approved.

25. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into his position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20, above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

30. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use of what should have been FMLA protected leave and for his request for FMLA leave.

31. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

32. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, immediate reinstatement into his position/injunctive relief, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 10th day of March 2020.

Respectfully Submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
Alexander Harne, Esq.
Florida Bar No.: 126932
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*